v. Ray. Good morning, Your Honors. May it please the Court. My name is Rita Gordon, counsel for Plaintiff Appellant Ames Ray. Why are we here today? There are several answers demonstrating that the Plaintiff's fraudulent conveyance claim should go forward, for starters. The District Court overstated the pleading burden required to state a claim for a constructive fraudulent conveyance under Section 273 of the New York Debtor and Creditor Law. This is a legal, not a factual issue, and it's based on the FRCP 8A plausibility standard set forth by the Supreme Court in Bell Atlantic v. Twombly. Here is what the Supreme Court ruled, asking for plausible grounds does not impose a probability requirement at the pleading stage. It simply calls for enough fact to raise a reasonable expectation that discovery will Detailed factual allegations are not required. This complaint plausibly satisfies the Twombly standard. It does so by plausibly alleging that the defendant fraudulently moved her sole asset to avoid paying plaintiff, thereby demonstrating a fraudulent conveyance that lacked consideration and rendered defendant insolvent. And this is how plaintiff alleged that this was her sole asset or that that's what your client believed. Well, we pleaded it essentially on information and belief. We believed it was her sole asset, that he believed that based on his telephone conversations with her and his course of dealing and his knowledge of her. So it was an information and belief pleading. This is how plaintiff alleges it happened. In 1998, plaintiff sued defendant for breach of contract for non-payment of a debt exceeding $975,000. This was a debt she had promised to pay and made payments on from 1991 to 94. It took her 12 years to claim in 2006 that she'd only agreed to pay the debt under duress as a defense against the plaintiff's suit for breach of contract. That suit was on appeal from a dismissal when in April 2008 she obtained the proceeds from mortgaging her co-op, her only asset, having told the plaintiff that she would not mortgage her apartment to pay him. Next. Sotomayor, it was on appeal from a judgment in her favor. Yes. Right. Correct. What is the status of that appeal? To me, that was – is that still pending? That appeal was a – the opinion of the judge dismissing the case on summary trial. No, no. The trial of the judge. Of the trial. Adverse to your client. This is still currently on appeal. Okay. Because if that appeal were decided adversely to you, whether there was a fraudulent conveyance or not, you would have had no damages, right? Well, we say that until – as long as that decision, even if it's affirmed, even if the dismissal is affirmed, it would still be appealable until it's no longer appealable. I understand your argument on that score, but if you lose the appeal, you have no damages from the conveyance. If we lose the appeal that's currently before the First Department, but we can go on with appeals. Well, that's what I find troubling about your argument. That suggests that she – even though she won at the trial level, she can't convey her property at all as long as you keep filing appeals? While the – In whatever court you can find will entertain them? The statute defines a debt and a creditor as any liability that's contingent, unmatured, liquidated or unliquidated. And so courts have held that, you know, while – even while there are appeals, the plaintiff remains a creditor under the definition of the statute. Well, Rampallo v. Chaffee, is that the case you're thinking of? Because that was where the – there was a judgment in favor of the plaintiff, and while it was on appeal, the court said the defendant remained a creditor. Right. The other case you cite, I'm looking for it now, deals with when one is a defendant, which is a somewhat different situation. I just want to make sure I know what case you think – what case supports your conclusion that a successful defendant on trial remains a creditor through the appeal process? Well, I think we rely on Finkelman v. Greenbaum. Okay. And which cited Shelley v. Doe, and those were cases holding that a creditor does not have to obtain a judgment to remain a creditor under the statute. But is that a different thing? Yes. As you're citing the case, it stands for the proposition that the creditor doesn't have to obtain a judgment. It doesn't stand for the proposition that a creditor, having lost, is still in the same position. Well, we don't – we have not located a case precisely on that point. And the cases that the district court relied on to say that the debt was not probable because it was on appeal at the time of the transfers, those cases were all in the summary judgment context or trial context, and where after discovery, evidence had been produced as to whether there was a probable liability or not. But at the pleading stage, that's not the plaintiff's burden. No, no. I'm – we're focusing your attention, though, on after trial. Yes. The plaintiff – the defendant prevailed in the State court trial. And how you can argue that she remains a debtor on appeal is what we're asking you about. You say you have no case that says that. Not specifically. Okay. But we have cases that define what a – that the plaintiff would be – remain a creditor. If it's a creditor, then the debt is still valid until a final – yes. If there is a final decision at some point, then you are absolutely correct. The debt would not be probable or valid. Can I just ask you to address in your remaining seconds here, at least on the 273 and 275 claims, the question of whether you adequately alleged a lack of fair consideration? Because it – as the district judge pointed out, there are two prongs. There's one that you allege, which is that you claim that the transfers were made not in satisfaction of an antecedent debt. But I didn't see any mention in your pleading of the other option for fair consideration, which was transfer to – for equivalent property. Is there anywhere in your pleading, in your complaint – can you point me to a specific paragraph of the complaint where you allege that prong of lack of fair consideration? I – we allege that there was no consideration. Right. But there's two parts, and you only allege the lack of the antecedent debt. What I'm asking is, do you specifically allege, or did I just miss it, the other part, which is – or the other option? By alleging that there was no consideration, the plaintiff was alleging that – that the defendant did not receive any consideration from the transfers. So you're saying that we should just construe your use of sort of tracking the statutory language as implicitly alleging facts that would satisfy that standard? That's plausible. And another point is that Twombly did not put the burden on the plaintiff to disprove at the pleading stage what would likely be defendant's defense at trial, namely that there was consideration. But that's not really a defense. That's just a disproving the allegation. I mean, you have to make some actual concrete allegation, right? That there was no equivalent transfer. You just say she gave him the money. Well, yes, but we have so many facts that support that. She obtained a mortgage to do that. We claim it was her only asset. She continued these transfers for over a long period of time. She, you know, voiced her intent not to pay the plaintiff. And after the fact, in 2010, in a telephone conversation, she told him she had hidden the assets. I mean, taken together, not out, you know, as a whole, the facts, the who, what, when, and why of the transaction is alleged or are alleged. And so we believe that that is enough under Twombly to state a plausible claim. Let me ask you, do you have any case law that talks about when facts have been decided against you, as they were in the State court trial, would you have to plead to state a plausible claim when something is on appeal? I mean, I don't even know what your challenge to the jury verdict is on appeal. Well, I can try to. But I mean, you know, the finding right now by a fact finder, you had your day in court, is that there was no obligation here. Well, the appeal to the First Department, which is being heard, you know, soon, you know, states that they're demanding a new trial because the State court was biased. It gave incorrect and proper jury instructions and charges. And all of that merits a new trial. So it could be overturned and then sent back for another trial, a fair trial. Am I right that that appeal was argued in November? No, it has, no, it was not. It has not been argued? No, not yet. Thank you. Is it my time? You've reserved some rebuttal time. Yes, thank you. Good morning, Your Honors. Donald Watnick for the appellee, Christina Ray. Plaintiff's arguments today, plaintiff's reply brief, plaintiff's first brief in support of its appeal, we submit punctuate that plaintiff has failed to plead any constructive or intentional fraudulent conveyance claim in accordance with the plausibility requirements or with respect to the intentional claim under Section 276 in accordance with Rule 9b. To avoid dismissal, plaintiff is relying on facts outside of the record, facts that are contradicted by the complaint, facts that do not support, claim facts that do not support the alleged claims, and statements that are completely conclusory. Despite this continually changing story, shifting sand, we submit that there are no facts that are alleged. Let me ask you about the insolvency part of it, and let's assume away all the other problems that I know you've identified for us and just stay focused on that. If a creditor knows of the debtor having a large asset, in this case the real property, and is in a spousal relationship and says, I believe that's her only significant asset, and she's now mortgaged it in a way that is intended to leave her insolvent, why isn't that enough? I mean, in discovery and whatever response of pleading, the plaintiff can assert or the defendant can assert that she has lots of other assets to cover any judgment. But why isn't it enough at the pleading stage for a creditor to say, look, this is the only asset I know she has, it's the only asset I believe her to have, and she's encumbered it? Well, because there's a lack of plausibility and a lack of facts to back it up. Tell me why it's not plausible to think that's her – that's an asset that if she encumbers it will render her insolvent. Why is that not plausible? Well, that's not what the complaint says. The complaint, Your Honor, says it's the only asset of substantial value that the plaintiff knows that she has it. My point is, how – what else is a plaintiff supposed to plead? A plaintiff before discovery is not in a position to identify every asset a defendant has. Well, under the cases in this – in the Second Circuit, in order to allege insolvency that's plausible, you have to allege a defendant's, a transfer's balance sheet. You have to contain – you have to set forth some statement as to assets and liabilities, and you have to say that the probable liabilities exceed the saleable assets. There's those – So you're saying that you can get access to that material? Well, even if you are a plaintiff, you still have to put forth some detail. If you're going to plead on information and belief and we submit this complaint is not contrary to what my colleague said, pled on information and belief. You have to set forth a statement of facts on which you believe there to be a basis for insolvency. The only allegations in this complaint are just – they're blanket claims. They're claims that she mortgaged her only asset of value. And as the – as Judge Daniel recognized, there are plenty of facts in the complaint that indicate she has other assets, assets that might actually exceed her – her liabilities. There's no allegation, for example, in the complaint that the possible liability – and this was a very contingent liability – was going to exceed the amount of her  The complaint refers to various other assets. It says, for example, as Judge Daniel noted, that she is alleged to have hidden assets. That creates an inference that she has other assets. Can I ask you specifically about what I believe is Exhibit 18 to the complaint? So it's incorporated in the complaint, right? And it's at page 131 of the Joint Appendix. It's an email that's written by your client saying, basically, I'm going to go into Chapter 7 bankruptcy if – if Ames wins. Isn't that a statement by her saying, I don't have any other assets? Or isn't that plausibly or – or any standard read as an admission or factual allegation, certainly, that that's it? I don't believe it is because, one, this – putting aside that this was a communication that she made in the context of trying to settle her other – the 1998 action in which, ultimately, she prevailed, we submit that it – I'm sorry. How does that – how is that relevant, the context in which she made it? Are you suggesting she was not telling the truth? No, I'm not suggesting she wasn't telling the truth. I'm suggesting that it's somewhat surprising that the plaintiff has put a settlement communication, a communication that was made in the context of settling. Putting aside the propriety of whether it ought or ought not to have been brought forward, the fact is it was brought forward as part of the complaint. So doesn't that become a rather specific factual allegation? It still doesn't – we submit that it was a communication made between two litigants, two former spouses who had been litigating a case for years in the interest of trying to settle a – another action. So we submit that context is very important to the complaint. I'm sorry. Why is that important? Because we think that she's not telling the truth?  I don't think she's not telling the truth. And then if we assume she's telling the truth, we assume – right? Under 12b-6, we're going to assume all the facts is pled. It must be taken as true. Why wouldn't we assume as true that if the other side wins, she goes bankrupt? And isn't that another way of saying she goes – she will be insolvent? Well, Your Honor, the fact of the matter is she never did go bankrupt. That's not the point. I mean, we are only assessing whether this is a plausible pleading, which, I mean, doesn't leave the plaintiff without any obligations, but it's hardly requiring her to come forward with enough to succeed at trial on the pleading. So, you know, she's – he's alleged that as far as he knows, she's got one asset which she's encumbered. She comes – he comes forward with this, in which her own statement is she's going to go bankrupt. I'm having a difficult time understanding why there isn't a plausible pleading of insolvency from the transfer. Well, sure. Judge, one, we submit there's no statement in the complaint about her assets. There's no statement that she did not have. That's not so. There is a statement about her encumbrance of a large asset. Your complaint is, well, they haven't – you know, they haven't come forward with an accounting or a balance sheet or something like that. But how is – how is one private party supposed to acquire that with respect to another private party before discovery? Well, under the cases, you have to come forward with more than just simply saying that a transfer of hers has encumbered their only – their asset, the only one that I know to be of substantial value. That doesn't preclude the fact. And in order to make a plausible claim, you have to put forth facts that are not equally consistent. He's giving you the plus. He's giving you the plus from your own client's mouth or pen. You're referring to the email? Yes. Well, the – Now you've got – I believe her only asset is the property which she's encumbered. And here's her email which says she loses this and she's going to declare bankruptcy. That hardly suggests that she's got enough assets to cover the obligation. Again, we submit it doesn't say that she will. It says that she could. Second, we submit that – and it's a fair point about the email, but there still is nothing that shows that this is a probable liability at this point in the game. That's a different question. Okay. But that's a – this is a completely contingent and unmatured claim. It's a claim, you know, that had been dismissed on summary judgment and at the time of these transfers and we're not quite sure when these transfers were made because there's no particularity as to the specific timing outside of the fact that it was made within an 18-month window. But during part of that window, the complaint in the 1998 action had been dismissed. During the rest, it was on – At the time of the transfers here, generally, the complaint – it's not precise, but the Supreme Court had dismissed the complaint and we now have a jury verdict. But your adversary says that that doesn't make any difference because the – he as creditor still had a contingent claim that he could continue to pursue through the courts. Well, the standard is probable. It's not contingent. In Plaintiff's reply brief, they refer to Section 270, which talks about a creditor as someone who has a contingent claim, but 271, which defines insolvency, says it has to be probable. In the reply brief, they actually then go on to admit that the claims are contingent and they're unmatured. And we submit that under the cases, including the cases that Plaintiff cites and we cite, you have to have more than a contingent and unmatured claim. So it's – Let me ask you, if your client were not to prevail on appeal in the State court action, does she then have a claim? Does she – does he then have a claim about this being an unlawful transfer? No. If my client prevails on appeal – No, fails on appeal. I'm sorry. Oh, if my client – we still submit there's no claim even if my client fails on appeal because at the time of the transfer, the complaint hasn't set forth any facts that the probable liabilities exceeded her saleable assets. There's no allegation under 275 that she subjectively believed that she was going to be liable, responsible for these obligations, which she had been defending and disputing for years with respect to 276. There's no specificity as required under Rule 9b. There's no particularity as to when the transfer was made, the allegations about badges of fraud. They rely on facts that are outside of the complaint. They've actually put in a whole section in the complaint, in their brief that's outside of the complaint. So there are various other problems with this, even if my client were not to prevail. Well, let me ask you what effect, if any, the decision – the Second Department's decision in Taub v. Stewart has. This is the case in which the defendant obtained a judgment dismissing the plaintiff's creditor claim and while it was on appeal, the defendant made an allegedly fraudulent conveyance. When the judgment was reversed, the appellate division said that the defendant remained a defendant during the pendency of the appeal, even though he had prevailed below, and therefore allowed the fraudulent conveyance action to go forward. Is that case distinguishable or is it appurtenant here? My recollection is that Taub's is distinguishable that it involved a claim under Section 273A as opposed to a claim under 273, 275, or 276, and it neither – and it didn't address whether undecided claims establish a probable liability. That's my recollection. Section 273A does talk about when the person making it is a defendant in an action-for-money judgment. Right. Different from the creditor language of some of the other provisions, but it wasn't apparent to me why that makes a difference to the Court's analysis. Well, it's a different claim because we submit to the extent that the Second Department upheld ruled in Taub's, it was based on the fact that the defendant, that the transferor was a defendant as opposed to based on any other basis. 273A is a distinct statute, and for that reason we – and it didn't make any finding about probable liability. That's the other consideration that we recall from that case, Your Honor. Thank you. Ms. Gordon. Excuse me. In response to defendant's comments about the burden of the plaintiff to plead the balance sheet – plead facts pursuant to the balance sheet test, that is – we maintain that that is not the plaintiff's burden. And courts have explicitly rejected debtor's argument that a plaintiff needs to satisfy a balance sheet test before alleging insolvency and have held that requiring a balance sheet test vastly overstates the plaintiff's pleading burden. To require such detailed facts at the pleading stage from a private individual and a hedge fund with no reporting obligations would virtually preclude a fraudulent conveyance action, because this knowledge was not obtainable – independently ascertainable by the plaintiff. And as Twombly, the Second Circuit in Twombly v. Keycorp, which was a Sotomayor case, held that information and belief pleadings are – prevent information and belief pleadings where the facts are in the peculiar possession and control of the defendant, and the plaintiff has no way of finding them out. And that's – that's the case here. If I have another few minutes, I'd just like to cite to the Court a case, a Second Circuit case, Anderson News v. Media, 2012, cert denied. Quote, To present a plausible claim at the pleading stage, the plaintiff need not show that its allegations are more likely than not true, as would be required at later litigation stages, such as a defense motion for summary judgment. A court ruling on such a motion may not properly dismiss a complaint that states a plausible version of the events merely because the court finds a different version more plausible. Thank you. Thank you both, and we'll take the matter under advisement.